### BURNS MORTGAGE CO., Inc., v. SCHWARTZ et al.

#### No. 5442.

Circuit Court of Appeals, Third Circuit.

Aug. 8, 1934.

Sigmund H. Steinberg, Israel Packel, and Blanc & Steinberg, all of Philadelphia, Pa., and Bernhard G. Luethy and Joseph H. Carr, both of Camden, N. J., for appellant.

Samuel C. Meyerson, of Dover, N. J., and Lewis M. Stevens, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

## PER CURIAM.

In deciding this case the trial judge filed the opinion which is printed below. As we agree therewith, and as it fully discusses the questions involved, we adopt it as expressing the views of this court, and limit ourselves to affirming on such opinion.

The opinion of the District Court was in full as follows:

FORMAN, District Judge.

Plaintiff, as assignee of the Bay Ridge Improvement Company, sues to recover on two contracts made by the last-mentioned concern with the defendants for the purchase of Florida real estate.

The first contract was made on June 25, 1925, and provided for the payment of $15,-000 in the following installments: On the execution of the contract the sum of $3,750, the balance of $11,250 was to be paid in six equal payments, of $1,875 each, on December 25th and June 25th of every year thereafter until June 25, 1928.

The second contract was made on the same day and provided for the payment of $18,000 in the following installments: On the execution of the contract the sum of $4,500, and the balance of $13,500 was to be paid in six equal payments, of $2,250 each, on the same dates as the first contract.

On the first contract defendants made the initial payment of $3,750 and a payment of $1,875 on December 25, 1925. They also paid interest on that date but defaulted further payments.

On the second contract the defendants made the initial payment of $4,500 and, on December 25, 1925, paid an installment of $2,250 and interest but defaulted the further payments.

On February 17, 1928, Bay Ridge Improvement Company instituted actions against the defendants to foreclose the contracts and the vendor's liens in the Florida courts which resulted in final decrees and judgments of foreclosure, and, on March 3, 1930, the properties were sold thereunder for the sum of $1,500 each.

The plaintiff took its assignments of the contracts on April 13, 1932, and now seeks to recover on the first contract the sum of $8,-733.88 with interest, being the alleged balance due after deducting the payments and crediting the proceeds of the foreclosure sale, and the sum of $11,973.52 with interest on the second contract, being the alleged balance due after similar deductions.

Defendants move to strike out the complaint.

Each contract contains a clause as follows:

"It is mutually agreed that the time of payment hereunder is of the essence of this agreement and that in cases of default by the purchaser in carrying out any of the terms hereof by him to be performed either in the making of the several payments herein agreed to be made by him, or otherwise, then this contract shall thereupon be, and everywhere be deemed to be null and void, and any payments theretofore made by the purchaser on this contract shall be retained by the company as its own money, not as a forfeiture, but as liquidated damages hereby mutually fixed and agreed upon by the parties hereto."

Such phraseology has been held, in numerous cases, to be for the benefit of the vendor. The words "null and void" mean voidable at the vendor's election and the condition may be insisted upon or waived at his choice. Stewart v. Griffith, 217 U. S. 323, 30 S. Ct. 528, 54 L. Ed. 782, 19 Ann. Cas. 639.

In the instant case, however, the vendor chose to sue to foreclose its contracts. Its counsel says, in his argument, that such actions were a step in the proceedings "for the purpose of ascertaining the amount still due after giving the defendants all credits to which they were entitled," and that it is now suing upon the contracts.

I cannot agree with this line of reasoning. I am of the opinion that when the vendor brought its foreclosure action it elected its remedy, which was to retain the installments paid upon the contracts and either to regain title itself by purchase or obtain such amounts as might be realized at the foreclosure sales.

This action was more than a step in the "proceedings for the purpose of ascertaining the amount still due." The amounts due on the contracts were the balances unpaid, readily ascertainable by simple arithmetic, and which could have been the subject of a suit in affirmance of the contracts as is here now attempted. The foreclosure actions taken by the vendor were a definite election of its remedy to the exclusion of other remedies, and the contracts will not now support this action either affirmatively or in the nature of a deficiency action.

In this view other questions raised by counsel do not require adjudication and an order may be taken striking the complaint.